UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENNIFER CLOUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-0751-JDT-TAB |
| | ) | |
| MCKEE-ADDISON TUBE FORMING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This cause is before the Court on a motion for approval of an agreed protective order submitted by the parties. [Docket No. 12]. The proposed protective order purports, by its express terms, to comport with Citizens First National Bank of Princeton v. Cincinnati Insurance, 178 F.3d 943 (7th Cir. 1999). However, as set forth below, the proposed order is exceedingly broad and must be denied.

In Cincinnati Insurance, 178 F.3d at 946, the Seventh Circuit stated that orders may keep legitimately confidential information out of the public record provided that the judge: (1) is satisfied that the parties know what a trade secret (or some other properly demarcated category of legitimately confidential information) is and are acting in good faith in deciding which parts of the record should be so classified; and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents. Orders must not be so loose as to give "each party carte blanche to decide what portions of the record shall be kept secret." Id. at 945.

The proposed order does provide that any party or member of the public may challenge the order. [See Proposed Order, ¶ 20]. However, the Court is not satisfied that the parties have properly demarcated the category of trade secrets or other documents so that filing such documents under seal would be appropriate. The proposed order simply contains a broad, blanket statement that information shall be designated as confidential "only upon the good faith belief" that the information constitutes trade secrets or otherwise justifies such protection. [See Proposed Order, ¶ 7]. No other explanation is provided. This does not provide the requisite good cause needed for such orders.

As stated in Cincinnati Insurance, 178 F.3d at 945, an order limiting itself to documents "believed" to contain trade secrets is overbroad "because 'believed' is a fudge and because a document that contains trade secrets may also contain material that is not a trade secret." The proposed protective order tells the Court nothing about the type or category of documents sought to be protected (i.e., medical records of non-parties, confidential business plans, secret marketing strategies). Rather, the submitted order appears to be an attempt to have the Court sign off in advance on a broad provision that would essentially give the parties unfettered permission to cloak all litigation documents from the public eye. Approving the tendered protective order would give the parties "carte blanche to decide what portions of the record shall be kept secret." Id. Cincinnati Insurance instructs that such orders are "invalid." Id.

For these reasons, the proposed protective order is denied.  The parties may submit a revised proposed protective order consistent with the foregoing.

Dated:  08/30/2005

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

David C. Campbell
BINGHAM MCHALE LLP
dcampbell@binghammchale.com

Thomas C. Hays
LEWIS & WAGNER
thays@lewiswagner.com

Edward W. Hearn
Kurt E. Keagle
Sean J. Hardy
JOHNSON & BELL
hearne@jbltd.com

Tara J. Stapleton
BINGHAM MCHALE LLP
tstapleton@binghammchale.com

Daniel John Zlatic
BULLARO CARTON PC
dzlatic@bullarocarton.com